[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT
This matter is before the court in connection with the defendant's motion to dismiss the plaintiffs' amended complaint dated January 11, 1995. The plaintiffs filed the amended complaint in response to this court's January 9, 1995 decision granting the defendant's motion to strike. That decision concluded that the allegations in the original complaint did not present a justiciable matter.
The plaintiffs' seek to enjoin the defendant Aiudi from installing an asphalt plant on its property. The complaint asserts that the defendant has a present intention to erect such a plant; that it has sought regulatory approval for the plant; that upon receiving such approval the plant will be constructed forthwith and that such construction will constitute a nuisance and cause a diminution in the value of the plaintiffs' residential properties which either abut or are proximate to the site of the proposed plant.
The defendants move to dismiss the amended complaint, alleging again that the plaintiffs' claims do not present a justiciable issue. The essence of the defendant's argument is that the request for injunctive relief is premature in that the threatened injury is not sufficiently imminent to justify judicial intervention. An evidentiary hearing in support of the motion to dismiss disclosed the following facts. CT Page 7758
The defendant filed a site plan application for an asphalt plant with the Plainville Planning Zoning Commission in June, 1989. In February, 1990, the defendant formally withdrew the application. Despite withdrawing the application Aiudi continued working with its experts to modify and refine the plans. In December, 1993, Aiudi informally indicated that he might refile a site plan application. No such application has been filed, in the estimation of the plaintiffs, because of the commencement of this lawsuit. The Planning and Zoning Commission file has remained "inactive" since December, 1993. Aiudi's present intention is to install an asphalt plant, but the decision to renew the site plan application is uncertain due to economic conditions, uncertainty over the continued availability of the materials necessary to manufacture asphalt and the legal cloud created by the present suit.
In order to legally install an asphalt plant, the defendant must first obtain site plan approval from the Planning and Zoning Commission and a permit from the State of Connecticut Department of Environmental Protection. By statute the Planning and Zoning Commission must render a decision on a site plan application within 65 days of its filing, but as a matter of right can take an additional 65 days or a total of 130 days to render a decision. The DEP permit process can be completed and a permit issued in approximately 45-90 days from the filing of the application. Once the appropriate permits are obtained the time required for the purchase and installation of an asphalt plant ranges from approximately 20 to 120 days. It is estimated, therefore, that the time required to obtain a permit and install an asphalt plant, assuming no delays occasioned by administrative appeals by aggrieved persons, ranges from 85 to 185 days.
"The issuance of an injunction is the exercise of an extraordinary power which rests within the sound discretion of the court, and the justiciable interest which entitles one to seek redress in an action for injunctive relief is at least one rounded on the imminence of substantial and irreparable injury."Karls v. Alexandra Realty Corporation, 179 Conn. 390, 401 (1980) (emphasis supplied). "Injunctive relief may not lie where it is predicated on the fears and apprehensions of the party applying for it or where it would be incompatible with the equities of the case." Id.
The plaintiffs have failed to demonstrate that the injury CT Page 7759 they complain of is imminent. While there is no bright line test for establishing imminence, and therefore a justiciable controversy, it cannot be concluded, under the facts of this case, that the alleged injury even approaches that threshold. There is no application pending for site plan or DEP approval; such approvals, if granted, may be subject to administrative and judicial appeals consuming months and probably years; and even with the granting of such approvals, it would take a minimum of ten and perhaps as many as 120 days to install an asphalt plant. At this juncture, therefore, it would be pure speculation to assume that the defendant will obtain regulatory approval for an asphalt plant. In the absence of such approvals, and in the absence of any claim that the defendant intends to construct the asphalt plant without obtaining the necessary regulatory permits, it is premature to undertake review of a hypothetical dispute.[1]State v. Nardini, 187 Conn. 109 (1982); Moore v. Serafin,163 Conn. 1, 11 (1972)."
Finally, the gravamen of plaintiffs' allegation is that the construction and use of the asphalt plant will constitute a common law nuisance. Whether any particular activity creates a nuisance depends on an evaluation of the actual effect of such operation on the surrounding environment. Tomasso Bros. Inc.October Twenty-Four, Inc., 230 Conn. 641 (1994). As previously noted in this court's Ruling on Defendant's Motion To Strike (December 28, 1994), it is impossible and inappropriate for a court to evaluate such a claim in the abstract. Furthermore, the court "need not ignore the fact that such regulatory oversight may well affect the nature, size and scope of the proposed project, all of which bear directly on the plaintiffs' claim that the proposed plant may cause a nuisance."
Because the allegations in plaintiffs' amended complaint fail to state a justiciable claim, the complaint is dismissed.
SO ORDERED.
Robert L. Holzberg, J.